### JOHN F. PERRITT *v.* KAREN PERRITT
### (AC 17968)

Landau, Schaller and Dupont, Js.

Argued April 27—officially released June 29, 1999

96

 

██ 

*Karen Perritt,* pro se, the appellant (defendant).

*John F. Perritt,* pro se, the appellee (plaintiff), filed a brief.

*Opinion*

PER CURIAM. The sole issue of this appeal is whether the assignment to a spouse, awarded in a dissolution of marriage judgment, of one half of a pension due on retirement to the other spouse, entitles the assignee spouse to one half of the assignor spouse's disability payments arising from a disability that occurred subsequent to the dissolution of marriage but before retirement. We hold, on the facts of this case, that the assignee spouse is not entitled to one half of the other spouse's disability payments[1] and affirm the judgment of the trial court.

The marriage of the parties was dissolved on November 17, 1994. An agreement of the parties was incorporated into the judgment. It stated that the plaintiff's pension through the United States Naval Undersea Warfare Center shall be divided equally by way of a Qualified Domestic Relations Order. At the date of the dissolution, the plaintiff was in his mid-thirties. On March 2, 1996, as a result of an unexpected disability, the plaintiff began receiving a disability annuity.

The plaintiff argues that the agreement of the parties and the judgment of the dissolution court did not

---

[1] The trial court sought and received information from the United States Office of Personnel Management before deciding this matter. The court verified that, in this case, the amount of the plaintiff's retirement benefit plan assigned to the defendant will not be affected in any way by the fact that the plaintiff is presently receiving a disability annuity.

involve his disability payments but only his pension benefits. The defendant argues that she is entitled to keep a Qualified Domestic Relations Order presently in effect, which gives her one half of the plaintiff's disability retirement payments. The defendant argues that she is presently entitled to one half of these payments because the plaintiff's disability payments are, in essence, payments arising from early retirement and because the provision of the settlement agreement at issue is an assignment of property that is nonmodifiable.

We agree with the carefully drafted and reasoned memorandum of decision of the trial court. We agree with the defendant that an assignment of property is nonmodifiable but disagree that any modification of the agreement is involved here. The plain words of the agreement indicate that the parties intended to divide a retirement benefit when a normal retirement age is reached. In this case, that benefit will be available when the plaintiff reaches age sixty-two, undiminished by the payment to the plaintiff of disability benefits. The plaintiff does not dispute the defendant's entitlement to one half of his retirement benefits when he reaches age sixty-two. The plaintiff's disability payments are subject to his ongoing support obligations under the dissolution judgment, and the defendant does not dispute that fact.

A disability payment is a payment in lieu of wages and a substitute for the income that would have been earned by the recipient. A pension is a sum payable upon retirement. Here, the defendant is entitled only to one half of the plaintiff's pension.

The judgment is affirmed.